United States District Court
Middle District of Florida
Jacksonville Division

**Justin Cloutier,**

    *Plaintiff,*

v.                                           **No. 3:23-cv-1480-WWB-PDB**

**J-Quint LLC,**

    *Defendant.*

## Report and Recommendation

Proceeding without a lawyer and applying to proceed without the prepayment of filing fees, Justin Cloutier sues J-Quint LLC. Docs. 1, 2. The undersigned recommends dismissing the case without prejudice for lack of subject-matter jurisdiction and directing the clerk to terminate the application.

According to Cloutier, the employees and management of J-Quint, his former employer, slandered his reputation, disregarded his "life and liberty," "enacted processes that they claim [he] was not entitled to," and were told to lay him off because he had "committed processes they … enacted." Doc. 1 at 4. He contends the Court has federal-question jurisdiction because the alleged conduct violates section 1 of the Fourteenth Amendment. Doc. 1 at 3; Doc. 5 at 1. He demands $20,000 for "the mental anguish the slander has caused" him and $30,000 in punitive damages. He provides Florida addresses for himself and J-Quint. Doc. 1 at 1–2.

After reviewing the complaint, the undersigned entered an order directing Cloutier to show cause why the action should not be dismissed for lack of jurisdiction. Doc. 4. In the order, the undersigned explained the law, detailed resources available for litigants without lawyers, and warned him that his failure to timely respond and show cause may result in dismissal. Doc. 3 at 1–4.

Cloutier responded to the order to show cause:

> I the Plaintiff Justin Cloutier am sending this notice to the courts to show cause why the action should be retained and the process of service continued. It is my understanding that 28 U.S.C. § 1331 states that "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." I Justin Cloutier made a civil claim using a standard civil claim form stating that the employees and management slandered reputation defined by Black's law as (In torts. Oral defamation; the speaking of false and malicious words concerning another, whereby injury results to his reputation.) These are actions that are a clear violation of our 14th amendment, our Life, and our Liberty. The 14th amendment section 1 states "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." I was deprived of my right to liberty defined by black's law as (exemption from extraneous control. The power of the will, in its moral freedom, to follow the dictates of its unrestricted choice, and to direct the external acts of the individual without restraint, coercion, or control from other persons.) and life. These rights were clearly violated based on the claim of actions committed by employees and management employed by J-Quint LLC. Since the federal constitution is considered a federal standard and the district courts hold jurisdiction concerning civil actions arising under these standards I believe that this civil claim is considered valid based on the legal verbatim of the constitution and U.S.C section of claim that were filed.

Doc. 5 at 1.

A court must construe a pleading drafted by a pro se litigant liberally and hold the pleading to a less stringent standard than one drafted by a lawyer. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

A complaint must contain "a short and plain statement of the grounds for the court's jurisdiction[.]" Fed. R. Civ. P. 8(a). A federal court may have original jurisdiction under a specific statutory grant, federal-question jurisdiction, or diversity jurisdiction. *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997). Federal-question jurisdiction applies only if a claim arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Diversity jurisdiction applies only if an action is between citizens of different states and involves more than $75,000. *Id.* § 1332(a).

"[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." *Id.* § 1367. "[F]or a federal court to invoke supplemental jurisdiction ... it must first have original jurisdiction over at least one claim in the action." *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 554 (2005).

If a court determines jurisdiction is lacking, the court must dismiss the action, Fed. R. Civ. P. 12(h)(3), without prejudice, *Stalley ex. Rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008).

Construing the complaint liberally and holding it to a less stringent standard, Cloutier appears to attempt to sue J-Quint for slander, wrongful termination, or both. *See generally* Doc. 1. He alleges no facts showing any basis for original or supplemental jurisdiction.

Cloutier "believe[s]" that he states a "valid" claim arising under federal law because J-Quint's management and employees slandered his reputation

3

and deprived him of his "right to liberty." Doc. 5 at 1. He is incorrect. As the undersigned explained:

> This type of claim does not present a federal question over which this Court could exercise subject-matter jurisdiction under § 1331. To the extent he intends to state a claim under [42 U.S.C.] § 1983 for federal-law violations, § 1983 is inapplicable because he alleges only private conduct. He identifies no other potential federal question.

Doc. 4 at 3. Cloutier fails to allege facts to suggest action under the color of state law. *See generally* Doc. 1; Doc. 4 at 3 (explaining the three limited circumstances where a private party acts under the color of state law and citing *Charles v. Johnson*, 18 F.4th 686, 694 (11th Cir. 2021)).

A court should freely allow a plaintiff to amend the complaint if justice so requires. Fed. R. Civ. P. 15(a)(2). Based on the facts Cloutier alleges and his response to the order to show cause, giving him an opportunity to amend would be futile. Thus, the undersigned recommends dismissing the action without prejudice and directing the clerk to terminate the application to proceed without prepaying fees and costs, Doc. 2, and close the file.

"Within 14 days after being served with a copy of [a] recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C) ("A [district judge] shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). "A party failing to object to … findings or recommendations … in a report and recommendation

4

5

… waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions[.]" 11th Cir. R. 3-1.

**Entered** in Jacksonville, Florida, on February 2, 2024.

PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c:   The Honorable Wendy W. Berger

  Justin Cloutier
  155 Persimmon Drive
  Palm Coast, Florida 32164